# SUPREME COURT.

## THE PEOPLE *ex rel.* STEPHEN L. COOK agt. THE BOARD OF METROPOLITAN POLICE.

Where the superintendent of police preferred, to the board, charges against the relator, Cook, of "neglect of duty," and specified as the ground thereof, that said " Cook was absent from duty and from the station-house of the ninth precinct, from October 26, 1861, to the 8th day of January, 1863," and on a trial, judgment of the board was rendered against Cook, *deducting by fine the pay of the relator during that period,*

*Held,* on a common law *certiorari* to review such judgment, where it appeared that the relator had been *removed from the police force by the judgment of the board prior to the alleged absence,* and that the judgment of removal continued in force till *just before the preferring of the present charge,* when the order of removal was reversed by this court, and Cook returned to his prior position on the force, that to impose a fine for not doing what the board had ordered the relator not to do—for not acting as a member of the force after the board had turned him out—*shocks one's sense of justice. There being no law when the charge was made, or when the judgment was pronounced to uphold it, it was an entirely erroneous proceeding on the part of the board.* Proceedings reversed.

*New York Special Term, April,* 1863.

THIS is a common law *certiorari* to review the judgment of the board of police, deducting by fine the pay of the relator as a member of the police force from the 26th day of October, 1861, to the 8th day of January, 1863.

WM. HENRY ARNOUX, *attorney for relator.*

AARON J. VANDERPOEL, *attorney for respondents.*

PECKHAM, Justice.   It appears by the return to the *certiorari,* that on the 19th day of January, 1863, the then superintendent of police, John A. Kennedy, preferred to the board charges against said Cook of " neglect of duty," and specified as the ground thereof, that said " Cook was absent from duty and from the station-house of the ninth precinct, from October 26, 1861, to the 8th day of January, 1863."

It appeared also by the return, that the relator had been removed from the police force, by the judgment of the

board, in the fall of 1861, and I think just prior to the alleged absence; that the judgment 'of removal continued in force till just before the preferring of the present charge, when the order of removal was reversed by this court, and Cook returned to his prior position on the force.

The substance of this charge, then is, that the relator has been guilty of dereliction of duty in not serving as a member of the police force while and after the board had turned him out, and of this he is actually convicted under charge, and his pay deducted while so absent, absent by express order of the board, not by permission or leave; not by his election or volition, but by the express order and direction of the board.

Some question was made on the trial of this charge whether the relator actually reported himself for duty after his removal. In my judgment a totally immaterial question, as the relator had been ordered away, actually removed from office in fact, though illegally, as afterwards adjudged; still, on the positive evidence, it perhaps should be held that he did in fact so report himself, though the officer to whom he claimed to have reported did not in fact remember whether he did or not. The decision of the board would be conclusive on that point. Yet it is clearly proved, undenied and undisputed, that he applied to the board in person, and by several·of his friends, repeatedly, to be reinstated prior to taking steps to set aside the illegal order of the board. His application was refused. It also appeared that the relator had been in no regular business since October, 1861, and had been ready and anxious to resume his position and do his duty in the department, up to the time of his restoration.

The board seem to have concluded that he did not report for duty, though in all other respects the facts are undisputed.

This, in my judgment, is an entirely erronous proceeding on the part of the board. Under a claim and pretence of

a dereliction of duty charges are gravely preferred against the relator for not doing what the board had solemnly adjudged he should not do, for not acting as or discharging the duties of a member of the police force. " Charges," within the meaning and spirit of this act, imply a violation or neglect of duty for which some punishment may be imposed, as was done in this case.

But to impose a fine for not doing what the board had ordered the relator not to do, not to act as a member of the force, shocks one's sense of justice.

It may well be that the relator is not entitled to his full pay while so removed. He may have been temporarily in some business, or might have been, whereby some deduction should be made. But that question should have been left to be settled in a proper action in the courts, if the board and the relator did not agree.

The forms of criminal proceedings should never have been resorted to for any such purpose, though they may be entirely effectual therefor.

A return to a common law *certiorari* does not properly embrace the evidence, and though it be in fact returned, as in this case, the court should not re-examine the merits. The board seem to have had jurisdiction of the relator and of the subject matter. The well-settled practice of this court should not be violated to afford relief from the hardships of a particular case. There can be no relief, therefore, on the merits.

But on examining the return, I find that at the time this fine was imposed the law had been altered. The charge, as made, shows no violation of any regulation or law. The 38th rule of the board, when the charge was made, provided that absence with or without leave, except in a certain case, forfeited pay. But it nowhere appears, either in the complaint or the conviction, that this absence was not under that excepted case.

This exception or qualification is contained in the body

of the rule itself, and not in a separate section. Therefore it must be negatived on the complaint. This rule is perfectly well settled. The conviction is confined in terms to the charge, and therefore adjudged him guilty of no offence. This rule, after the trial had commenced, and before judgment pronounced, was altered.

The regulation, as then established and in force, allowed a fine to be imposed only when the person charged was absent without leave. Here there is no charge that he was absent without leave, nor was he convicted of any such charge.

There was, then, no law when the charge was made, or when the judgment was pronounced to uphold it. (*See Hartung* agt. *The People*, 22 *N. Y. R.*, 95, *and cases there cited.*) Though it is perhaps unnecessary to invoke the aid of the rule discussed in that case, as I think the complaint and conviction equally defective under either rule, so that it is unnecessary to discuss whether the old rule was repealed as to this case.

Proceedings reversed.

---

# COURT OF APPEALS.

WILLIAM G. SANDS, receiver of the Ætna Insurance Co. of Utica, appellant agt. JACOB SANDERS, Jr., respondent.

An *assessment* by the receiver of a mutual insurance company, organized under the general insurance companies' act of April 10, 1849, *in form*, need not specify the name of the party bound to contribute, nor the amount of the note.

A general assessment is good by which a receiver declares that each premium note is assessed to the full amount thereof.

All the notes of a mutual insurance company constitute its capital, although assigned to different departments, to pay losses in particular classes, and if necessity exists, resort may be had to the *entire fund*.

Upon the question whether it was a sufficient *notice* to authorize the assessment to publish it in *two* newspapers printed in the county, when the by-laws of the company required it to be published in *three* such papers, the judges were equally divided in opinion—four and four.